■ LEON COHEN, Respondent, v. AGRICULTURAL INSURANCE COMPANY, Appellant.— In an action on an insurance policy to recover for damages to a boat, the defendant, by permission of this court, appeals from an order of the Appellate Term of the Supreme Court, dated December 8, 1961, which (1) reversed a judgment of the District Court of the County of Nassau, rendered June 28, 1961, upon the decision of the court after a nonjury trial, dismissing the complaint on the merits; and (2) directed judgment in favor of plaintiff in the sum of $1,175.70, with interest and costs. Order of Appellate Term modified on the law so as to direct judgment in favor of plaintiff in the sum of $1,093.50, with interest and costs. As so modified, order affirmed, with costs to plaintiff. The findings of fact contained in the Appellate Term's decision are affirmed. We are in accord with the Appellate Term that the damage to the boat, for which recovery is sought on the policy, was caused by "stranding" within the coverage of the policy (cf. Strong v. Sun Mut. Ins. Co., 31 N. Y. 103, 107; 2 Richards, Insurance [5th ed.], p. 1092; 29A Am. Jur., Insurance, § 1318). However, the amount of plaintiff's recovery must necessarily be limited to the amount demanded in his complaint. Ughetta, Christ and Hopkins, JJ., concur; Beldock, P. J., and Brennan, J., dissent and vote to reverse the order of the Appellate Term and to reinstate the judgment of the District Court of Nassau County, with the following memorandum: The policy contained the following exclusion of liability: "Not liable for loss or damage to the rudder, propeller, strut, shaft, or machinery, inside or outside the vessel, unless caused by strand-ing, burning, collision with another vessel or sinking resulting from a peril insured against." It appears to be undisputed that the damage was to the engine. We are of the opinion that the evidence established that such damage was sus-tained when the propeller struck a piece of cable while the boat was being operated in a channel; that the cable became entangled with the shaft, rudder, propeller and strut causing internal damage to the engine; and that the boat then went ashore. It thus seems to us to be clear that the damage to the engine was not caused by the boat going ashore or by its being stranded. The learned Trial Justice, who heard and observed the witnesses found: (a) that the damage was caused by the propeller striking the cable and by the subsequent explosion;

and (b) that there did not appear to be a stranding within the coverage of the policy. He accordingly dismissed the complaint. We are in accord with his determination.